# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Case No. 4:16-CR-061 (1) |
| | § Judge Mazzant |
| JAMES EDWARD PRICE, II | § |

## MEMORANDUM OPINION AND ORDER

On March 8, 2023, the Court had a show cause hearing regarding the Defendant James Edward Price, II ("Price") and his conduct post-sentencing (Dkt. #386). During the hearing, the Government requested that the Court find Price in contempt to coerce him to comply with the Court's previous orders. The Court will construe this request as an oral Motion for Contempt.[1] Having considered the motion and the relevant law, the Court finds that the Government's Motion for Contempt should be **GRANTED.**

---

[1] At the hearing, Price took the position that the Government's request could only be heard if the Government filed a written motion for contempt. The Court is not aware of any such requirement. Given the procedural history of this case and the various amount of times the Court has informed Price he needed to comply with its orders, the Court sees no authority that would preclude it from construing the request made at the show cause hearing as a valid motion for contempt. *See Harris v. City of Philadelphia*, 47 F.3d 1333, 1339 (3d Cir. 1995) ("In light of the ample notice previously provided and the continuing nature of the City's violation, due process did not require the district court to issue a further Rule to Show Cause or other formal written notice before holding the City in contempt . . . ."). Rather, Price's argument may be one regarding whether he received adequate notice. *See Lear Siegler Services, Inc. v. Ensil Int'n Corp.*, No. SA-05-CA-679, 2011 WL 13174951, at *4 (W.D. Tex. Mar. 15, 2011) (footnotes omitted) ("Contempt proceedings are 'summary in form and swift in execution,' requiring 'notice and an opportunity to be heard' but not 'what amounts to a full trial on the merits.' 'Simple notice is all that is required.'"); *see also Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 584 (5th Cir. 2000) (discussing how the district court's show cause order and the record were sufficient for the other side to prepare a defense and therefore, all notice requirements were met). At the first show cause hearing, the Court informed Price that he would "go to jail until he complies if he does not provide to the documents to the Government" (Dkt. #366). Additionally, the second show cause hearing was an opportunity for Price to inform the Court why he had not complied with the Court's previous orders and "furnish[ed] copies of all financial records requested in the Subpoena" (Dkt. #378). The Court finds that Price received simple notice and had an opportunity to be heard on the matter.

## BACKGROUND

The case at hand originated as a criminal case against Price for a violation of 18 U.S.C. § 371—Conspiracy to Transport Stolen Goods in Interstate Commerce. The Government alleged that Price participated in a scheme "to traffic in stolen Samsung LCD screens for cellular phones" (Dkt. #1 at p. 3). On July 18, 2017, Price pleaded guilty to the crime (Dkt. #261). On October 25, 2017, Price was sentenced to twenty-four (24) months imprisonment followed by three (3) years of supervised release (Dkt. #314). Additionally, Price was ordered to pay restitution along with his co-conspirators in the amount of $2,708,280 to Samsung Electronics (Dkt. #314). Price's conduct regarding restitution owed to Samsung is the subject of the pending motion.

As of September 3, 2019, the restitution to Samsung had not been fully paid (Dkt. #331 at p. 2). During the time after Price was sentenced but before he went to prison, the Government attempted to depose Price and "obtain documents from him though his then-attorney" (Dkt. #331 at p. 2). The Government's attempts were unsuccessful. After Price was sent to prison, the Government again attempted to partake in post-judgment discovery (Dkt. #331 at p. 2). In doing so, the Government began by trying to meet with Price to discuss certain financial information for the purpose of satisfying the restitution portion of Price's final judgment. However, Price fired his attorney and refused to meet with the Government to cooperate with the process (Dkt. #331 at p. 2). Since Price has been released from prison, Price has only continued the trend of failing to cooperate with the Government.

Once Price was released to a halfway house, the Government issued a subpoena to Price requesting that he produce specific financial information to the Government before his scheduled deposition. On August 6, 2019, Price received the subpoena, and was given almost a month to produce the documents for his deposition that was set for September 11, 2019 (Dkt. #331 at p. 3).

However, Price failed to cooperate and produce the documents. Accordingly, the Government rescheduled his deposition and filed a motion to compel with the Court requesting that it require Price to comply with the Government's subpoena (Dkt. #331). On September 27, 2019, the Court agreed with the Government and granted the motion, compelling Price to "fully respond to the United States' Subpoena and to furnish copies of all financial records requested in the Subpoena" (Dkt. #334). Price did not comply with the Court's order. Instead, Price attempted to appeal the Court's decision on the Government's motion to compel (Dkt. #335). At some point during the appeal, Price hired new counsel, but the appeal was ultimately dismissed for failure to timely file a brief (Dkt. #342).[2]

On August 15, 2022—almost three years after the Court initially compelled Price to respond to the Government—the Government filed a show cause order, requesting that the Court mandate Price to explain why he had not complied with the Court's previous Order (Dkt. #353). The Court granted the Government's request and scheduled a show cause hearing (Dkt. #359). On October 11, 2022, the Court, once again, ordered Price to comply with the Government in producing the requisite financial statements, setting a deadline to comply within thirty (30) days of the hearing (Dkt. #366). On November 10, 2022, the Government filed a status report with the Court where it was represented to the Court that Price was cooperating and just needed more time to get all his documents together (Dkt. #373). However, that cooperation was short-lived. On December 8, 2022, Price responded to the Government stating that "he has no documents that are responsive to the requests" (Dkt. #377 at p. 1). As a result, on January 20, 2023, the Government

---

[2] The Court recognizes that the parties dispute the series of events that ultimately led to the denial of Price's appeal. However, the dispute has no bearing on the outcome of the pending motion, as the only relevant fact is that Price filed an appeal. The Court is simply making note of the appeal and its subsequent denial to provide context to the situation, as it explains the gap in time between the Government's motion to compel and its first order to show cause. Additionally, the Court wants to note all of Price's steps that he took before the final hearing on March 8, 2023.

filed another motion, requesting another show cause hearing because Price had not complied with the original order, as no financial documents had been produced (Dkt. #377). The Court granted the request and had another hearing on March 8, 2023 (the "March 8 Hearing") (Dkt. #378; Dkt. #386).

At some point between the Court's setting of another show cause hearing and the March 8 Hearing, Price responded to the Government regarding his financial information by filling out a questionnaire that was sent to him. However, Price responded and stated that he had no property, no income, and no documents relating to the sales of his businesses in the past. Additionally, he did not identify any assets that belong to him, any lines of credit, or any judgments or debts to his name. Price signed the questionnaire at the end of the document, representing that he believed it was true and correct. During the March 8 Hearing, the Government called a financial investigator working on Price's case to testify. The agent brought substantial evidence that Price's representations on the questionnaire were not wholly accurate.

## LEGAL STANDARD

A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil."). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

In a civil contempt proceeding, the movant bears the burden of establishing the elements

of contempt by clear and convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 F. App'x 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)).  The elements of contempt the movant must prove by clear and convincing evidence are: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with the court order. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).  "The contemptuous action need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc.*, 228 F.3d at 581; *see N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984).

"Upon a finding of civil contempt, the [c]ourt has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained."  *Mary Kay Inc. v. Designs by Deanna, Inc.*, No. 3:00-CV-1058, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013) (citing *Am. Airlines, Inc.*, 228 F.3d at 585).  "The paradigmatic, coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command . . . ." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)).  Under these circumstances, the contemnor "is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Id.* (cleaned up).  To determine the appropriate sanction for civil contempt, the court considers: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citations omitted).

## ANALYSIS

The Court has construed the Government's request as one to hold Price in civil contempt.[3] In doing so, the Government has the burden to demonstrate, by clear and convincing evidence, that (1) a court order was in effect, (2) the order required certain conduct, and (3) the opposing party failed to comply with the court order. *See Am. Airlines, Inc.*, 228 F.3d at 581. The Government has satisfied its burden in this case.

The Court has continuously ordered Price to disclose his financial information because of the restitution portion of his final judgment, and Price has refused. The specific court orders that were in effect pertaining to Price are as follows: (1) the Order compelling Price to respond to the Government's subpoena (Dkt. #334); (2) the oral ruling at the October 11, 2022 hearing (Dkt. #366); and (3) the oral ruling at the March 8 Hearing (Dkt. #386).[4] Despite the Court being clear in its previous orders that Price is to provide certain information to the Government, Price has taken numerous steps to circumvent having to follow the Court's orders. Over the past four years, Price has filed an appeal with the Fifth Circuit, asked the Government to give him more time to comply, and argued that the Government is going outside the scope of the plea agreement because Price believed the financial information is being used for forfeiture. However, time and time again, the Court has sided with the Government and has informed Price that he must comply with the subpoena that the Government initially issued to Price.

---

[3] The Court notes that there was no specification from the Government whether they were requesting civil contempt or criminal contempt. *See United States v. Alvarez*, 489 F. Supp. 2d 714, 719 (W.D. Tex. 2007) ("Civil and criminal contempt authority serve distinct purposes; the former is coercive, and the latter is punitive and deterrent."). However, based on the case at hand, the Court finds that civil contempt is more appropriate because civil contempt is "designed to force the disobedient party to comply with an order of the court." *Id.* Additionally, criminal contempt is usually only utilized after civil contempt is found to be inappropriate. *Id.*

[4] For the purposes of identifying whether there is a court order in effect for civil contempt proceedings, the order can be a written or an oral order. *Lear Siegler Servs.*, 2011 WL 13172951, at *4 (citing *Halas v. Consumer Servs.*, 16 F.3d 161, 164 (7th Cir. 1994)).

For the first two elements of civil contempt, the Court finds that its previous orders were still in effect, and they required certain conduct. The Court ordered Price to pay restitution to Samsung back in 2017 because of the criminal scheme that he participated in. According to the record, the full amount of restitution has not been paid to Samsung yet. Therefore, the previous orders that required Price to comply with the Government's subpoena because of the Court-ordered restitution are still in effect. As for the required conduct, the initial order on the motion to compel stated the following:

> It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant James Edward Price, II, is ordered to fully respond to the United States' Subpoena and to furnish copies of all financial records requested in the Subpoena issued August 2, 2019 and in its attachments no later than ten days from the date of this order.

(Dkt. # 334). The Court has reminded Price of its ruling multiple times. Therefore, the conduct required is that Price fully respond to the subpoena that was sent by the Government.

For the final element, the Government must prove that Price failed to comply with the court's orders. At bottom, the question for the Court is whether Price has *fully* responded to the Government. The Court concludes that Price has not. In fact, as of the March 8 Hearing, Price had not complied with the Government because he had not produced the necessary financial documents that were responsive to the Government's initial subpoena.

Assuming that fact is not enough, Price's most recent tactic is to attempt to argue that he has nothing in his name. In the information that was submitted to the Government, Price represented that he does not hold an interest in a business, he is not employed, he has no monthly income, he does not have interest in any real estate, he has no assets except for a singular bank account at Navy federal credit union, he has no credit cards, no judgments or other debts besides one outstanding loan, and the only monthly expense that he has is "Court ordered child support" (Dkt. #384, Exhibit 1). Additionally, Price represents that he is separated and no longer with his

wife (Dkt. #384, Exhibit 1 at p. 4). Notably, the Court points out that on the form submitted to the Government, there was a "divorced" option which Price did not select (Dkt. #384, Exhibit 1 at p. 4). At the March 8 Hearing, the Government provided evidence to show that Price's representations were not true and correct.

To begin, the Government presented evidence of a contract for sale of real estate where the buyer was We Buy Texas Real Estate, LLC, a company which allegedly belonged to Price's wife. However, Price is the one who signed the contract on behalf of the company. Next, the Government presented evidence of loans where Price was the guarantor on behalf of Construction All Stars, LLC. Additionally, the Government called into question the deed that Price gave his mother, inferring that Price is likely paying property taxes on that home. Overall, the evidence shows that Price is attempting to circumvent his obligation by hiding behind his wife and mother. In reality, Price has relevant financial information and must have financial documents as well, however, he simply does not want to hand over that information to the Government. The Court finds that there is sufficient evidence to show that Price has not fully responded to the Government because he has not produced the requisite financial documents and the questionnaire that he has filled out was not accurate. The Court will not entertain Price's games any longer. As to the finding of civil contempt, the Court finds that the Government has satisfied its burden and will now discuss the appropriate sanction.

There are four factors that the Court must consider the appropriate sanction: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp.*, 918 F.2d at 567. Applying the factors here, the Court finds imprisonment is the most appropriate sanction for Price's conduct.

The harm from noncompliance is that the restitution to Samsung is never paid. This is a problem because Samsung suffered harm because of Price and his co-conspirator's criminal behavior, therefore, Price should be required to pay Samsung. Additionally, Price's conduct of not fulfilling his obligations of his initial sentencing is not something that the Court will allow, especially if the evidence shows that Price is likely fine to be making monthly payments to Samsung. The Court also finds that imprisonment is a highly effective sanction in this case because Price has continuously ignored the Court's orders for over the span of four years, and there is no better alternative sanction. While the Court could issue financial sanctions, the Court views that as unnecessary given the repeated noncompliance and evasiveness by Price. Any further financial sanctions will likely bring more problems than solutions, as Price will likely try to find another reason why he should not have to pay. As to the financial resources, the Court knows that Price's financial position is in better shape than what he has represented to the Government, and therefore, Price will not get the benefit of the doubt in any burden that the sanction of imprisonment may impose. Finally, the Court finds that Price acted willfully in this case. As already mentioned, the Court finds that Price has continuously raised different arguments merely to delay the entire process. The Court views Price's conduct as simply ignoring the orders of the Court, and accordingly, the Court finds imprisonment appropriate.

The Court is mindful of the fact that imprisonment is an extreme civil contempt remedy. *See Bagwell*, 512 U.S. at 828. However, the Court sees no other way to get Price to comply with the Court's various orders. Moreover, it bears emphasizing that Price holds the "keys of his prison in his own pocket." *See id.* To the extent he demonstrates compliance with the Court's orders, Price will be released.

## CONCLUSION

It is therefore **ORDERED** that Defendant James Edward Price, II, is hereby in **CIVIL CONTEMPT OF THIS COURT** for failing to fully respond to the Government's subpoena, despite the numerous times the Court has reminded Price of his obligation (Dkt. #334).

It is further **ORDERED** that Price shall be imprisoned for civil contempt. Price shall turn himself into the U.S. Marshal's Service, U.S. Courthouse Annex, 200 N. Travis Street, Mezzanine Level, Sherman, Texas, 75090, no later than 2:00 p.m. on June 28, 2023. If Price fails to appear by the required time, the Court will issue a warrant for his arrest.

Price shall remain in custody until he complies with the Court's orders, which shall be done by completing the following:

(1) Price shall re-fill out the Department of Justice's questionnaire titled "Financial Statement of Debtor" that was sent to Price by the Government with accurate information (Dkt. #384, Exhibit 1). The completed form should then be provided to the Government; and

(2) Price shall produce the responsive financial statements that the Government requested in the original subpoena. Once Price has demonstrated that he has complied with both of these requirements, Price will purge himself of his contempt.

It is further **ORDERED** that Price's incarceration will be suspended if Price provides the responsive financial statements to the Government and sends an accurate questionnaire no later than ten (10) days from the entry of this Order.

However, if Price does respond to the Government, but the response fails to accurately fulfill the requests of the subpoena or fails to properly answer the questions in the questionnaire, the Government shall notify the Court. Upon receiving any notice, the Court will evaluate the

information provided, and if necessary, issue a warrant for Price's arrest and reinstate his incarceration.

    **IT IS SO ORDERED.**

    **SIGNED this 14th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE